UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2010 NOV -9 PM 3:17

BY _____
DEPUTY CLERK

Peter Blose, plaintiff        )
                              )
                              )
v.                            )   COMPLAINT -  2:10-CV-271
                              )
Medical Financial Solutions,  )
and Accretive Health, defendants )

## PARTIES

Paragraph 1.   Plaintiff: Peter Blose 1417 Joe's Brook Road St. Johnsbury, Vermont 05819

Paragraph 2.   Defendant: Medical Financial Solutions 2000 Town Ctr. Suite 1100 Southfield, Michigan 48075

Paragraph 3.   Defendant: Accretive Health 401 North Michigan Ave., Suite 2700 Chicago, IL 60611

## JURISDICTION

Paragraph 4.   Jurisdiction in this matter is based upon the Fair Debt Collection Practices Act (FDCPA), 15 USC section 1692j paragraph (d) which provides that: "An action to enforce any liability created by this title may be brought in any appropriate United States District Court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs."

## COMPLAINT

Paragraph 5.   Defendant Medical Financial Solutions (MFS) is a "debt collector" as defined by the Fair Debt Collection Practices Act. MFS first contacted plaintiff on behalf of Mary Hitchcock Medical Center (Mary Hitchcock) by mail and telephone sometime in late 2008 or early 2009.

Paragraph 6.   During one telephone conversation the MFS representative offered to settle all debts owed by plaintiff to Mary Hitchcock for a single lump sum payment. Plaintiff accepted this offer and agreed to send the payment as soon as he received a written confirmation of the settlement offer. No such written confirmation was ever received by

PAGE 1

plaintiff. During a later phone conversation the MFS representative indicated they had no record of any such settlement offer.

Paragraph 7. Again, during a subsequent telephone conversation the MFS representative offered to settle all debts owed by plaintiff to Mary Hitchcock for a single lump sum payment. Again, plaintiff accepted this offer and agreed to send the payment as soon as he received a written confirmation of the settlement offer. Again, no such written confirmation was ever received by plaintiff. Again, during a later phone conversation the MFS representative indicated they had no record of any such settlement offer.

Paragraph 8. Subsequently, MFS contacted plaintiff again by telephone and plaintiff informed MFS he was refusing to have any further conversations or dealings with MFS.

Paragraph 9. Beginning sometime in mid-2009 MFS began mailing numerous letters to plaintiff which falsely indicated that plaintiff had had conversations with a specific MFS representative referred to as "M Brown Patient Financial Adviser" in which plaintiff had made specific detailed payment arrangements for payment of specific Mary Hitchcock debts. A sample letter is attached to this complaint as exhibit A. At no time has plaintiff made any payment arrangements with MFS (other than the lump sum payment arrangement referred to in paragraphs 6 and 7 above) and the MFS letters indicating such are totally false.

Paragraph 10. Sometime during the week of September 19, 2010 MFS again began calling plaintiff's home telephone number. During a telephone conversation of that week plaintiff refused to provide information requested by the MFS representative. Both plaintiff and the representative became argumentative. Plaintiff demanded that MFS never contact him again by telephone.

Paragraph 11. Beginning on September 27, 2010 a female MFS representative self identified as "Jean" has called plaintiff's home telephone number almost every day Monday through Friday one time per day. The caller has either left a message on a telephone answering machine; left a message with plaintiff's housemate Grace Gershuny; or spoken directly to plaintiff.

Paragraph 12. On Tuesday, September 28, 2010 plaintiff mailed to MFS a letter requesting that MFS stop contacting him by telephone or communicating with him in any way. This letter was received by MFS on October 5, 2010. A copy of this letter and the return receipt is attached to this complaint as exhibit B.

Paragraph 13. Subsequent to October 5, 2010 the MFS representative Jean has continued calling plaintiff's home telephone number as described in paragraph 11 above.

Paragraph 14. On October 18, 2010 plaintiff was called at his home telephone number by the MFS representative Jean and within five minutes time called again by a male MFS representative self identified as "Corey."

Paragraph 15. MFS has called plaintiff's home telephone number at least 22 times since September 27, 2010. MFS has called plaintiff's home telephone number at least 16 times since receiving a written request to stop all contact with plaintiff.

Paragraph 16. MFS is a division of Defendant Accretal Health (Accretal).

Paragraph 17. Defendants have failed to comply with the Fair Debt Collection Practices Act 15 USC section 1692c which provides that "If a consumer notifies a debt collector in writing... that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt..."

Paragraph 18. Defendants have failed to comply with the Fair Debt Collection Practices Act 15 USC section 1692d which provides that "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:... (5) Causing the telephone to ring or engaging any person in a telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

Paragraph 19. Defendants have failed to comply with the Fair Debt Collection Practices Act 15 USC section 1692e which provides that "A debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt.

Paragraph 20. 15 USC section 1692j (a) provides that "...[A]ny debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of-
(1) Any actual damage sustained by such person as a result of such failure;
(2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1000...
(3) In the case of any successful action to enforce the foregoing liability, the costs of the action together with a reasonable attorney's fee as determined by the court...."


RELIEF

WHEREFORE, plaintiff requests this Court:

(1) Order defendant Medical Financial Solutions to stop contacting defendant by telephone, mail or any other means;
(2) Order defendants Medical Financial Solutions and Accretive Health to pay defendant the sum of $1000 as provided in 15 USC 1692j;
and

(3) Order Defendants Medical Financial Solutions and Accretive Health to pay defendant's costs and reasonable attorney's fees in this action as provided in 15 USC section 1692j.

Respectfully submitted,

Dated 11/3/10

*P. H. Blose* PRO SE

Peter Blose
1417 Joe's Brook Road
St. Johnsbury, VT 05819
802-633-4152

This document created with voice recognition

PAGE 4